**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-11407
Summary Calendar

BURK ROYALTY CO.,

Plaintiff,

versus

ROBBINS TITLE PTR, ET AL.,
Defendant - Cross Defendant - Appellant.

versus

ARTHUR J. GONZALEZ; G & L PARTNERS; KALLAR PROPERTIES;
ANDREW I. TELSEY; MICHAEL PERLMUTTER; MARK C. THOMAS;
KARL D. EDMUNDS; LEE SPIEKER; WALLACE MORGAN; RICHARD G. GLASS;
RICHARD MERMER; CAROLYN BACHNER; PC PARTNERS; SLAINTE JOINT
VENTURE; DOUGLAS D. SAUTER; KATHRYN A. SAUTER;
RODERICK DOMINGUEZ; KURT GILMORE; DANIEL BOONE; DIANE BOONE;
B & J PARTNERSHIP; TKJ FAMILY PARTNERSHIP LTD.; DALE FRASER;
ALBERTA SOUTH LTD.; 566850 ALTA LTD.; KURT MELSTROM;
GINA MELSTROM; JOHN OWENS; EILEEN OWENS; ROBERT BURGFECHTEL;
S & S GROWTH CORP.; STANLEY F. NEWELL, individually and d/b/a
ROCEK-NEWELL ENTERPRISES; NEWELL FAMILY PARTNERSHIP, JAY BOYER;
VERNON ESTES;

Defendants - Cross Defendants - Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(3:94-CV-922-G)

June 3, 1997

Before WISDOM, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Andrew L. Quiat appeals the district court's determination that the Jones Well purchaser-investors have equitable title to their respective undivided fractional working interests superior to Quiat's judgment lien on the Jones Well.  Quiat argues that the district court erred in failing to consider fully the Oil and Gas Lease Operating Agreement (the "purchase agreement") and in failing to give full faith and credit to Quait's Colorado judgment.  Quiat's contentions are without merit.

The district court properly determined that payment of the purchase price under the purchase agreement vested the purchaser-investors with equitable title.  In Texas mineral payment rights are real property rights.[1]  The purchase agreement provided that "Mountain States does hereby agree to sell on a turn-key basis to non-operator __ units . . . in and to oil and gas leases and the leasehold estate thereby established covering the [D.H. Jones Well]".  A "unit" is defined in the purchase agreement as " 1 Unit Working Interest 1.8570% (before payout) 1.4053% (after payout)".  The only reasonable interpretation of the purchase agreement is that Mountain States intended to sell, and the purchaser-investors intended to purchase, a cost bearing interest in the D.H. Jones Well, the underlying lease, and the leasehold estate.  This was an executory contract.  When the purchaser-investors performed their half of the bargain by paying the

---

[1]     Sheffield v. Hogg, 77 S.W.2d 1021 (Tex. 1934).

purchase price, they obtained equitable title to their respective working interests in the well.[2]  Assuming Quiat's Colorado judgment is entitled full faith and credit, the purchaser-investor's equitable title is nonetheless superior to Quiat's claim as judgment creditor.[3]  Accordingly, the judgment of the district court is AFFIRMED.

---

[2]   Park Central Bank of Dallas v. JHJ Investments Co of Little Elm, 835 S.W.2d 813, 815 (Tex. App. - Fort Worth 1992, no writ); Texas American Bank/Levelland v. Resendez, 706 S.W.2d 343, 345-346 (Tex. App. - Amarillo 1986, no writ); Jensen v. Bryson, 614 S.W.2d 930, 933 (Tex Civ. App. - Amarillo 1981, no writ).

[3]   Id.